UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN JOAQUIN HOSPITAL, et al.,<br><br>    Defendants. | No. 2:17-cv-1636 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and for appointment of counsel.

I.  <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 5. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
3  § 1915(b)(2).

   II.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

Plaintiff has filed a first amended complaint. ECF No. 8. However, because the First Amended complaint is not in the proper form and makes allegations identical to those contained in the original complaint, it will be stricken from the record and the court will screen the original complaint. The original complaint alleges that San Joaquin County Hospital and Doctor Morris Senegor violated his Eighth Amendment rights by performing a surgical procedure without consent. ECF No. 1. In the section addressing administrative remedies, plaintiff states that while he has initiated the administrative remedies process, he has not appealed his claim to the highest level because "it is still in process of being analyzed for the appropriate action." Id. at 3.

IV. Failure to Exhaust

Because plaintiff is a prisoner suing over the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"). "[T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." Ross v. Blake, 136 S. Ct. 1850, 1857 (2016)

(quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006); Jones v. Bock, 549 U.S. 199, 211 (2007)). Dismissal for failure to state a claim is appropriate where "a failure to exhaust is clear on the face of the complaint." Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (defendant may move for dismissal under Rule 12(b)(6) where exhaustion is clear on the face of the complaint); Davis v. Cal. Dep't of Corr. and Rehab., 474 F. App'x 606, 607 (9th Cir. 2012) (district court properly dismissed case where it was clear on face of complaint that administrative remedies were not exhausted prior to filing). When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168.

In light of plaintiff's representation that he has not taken his administrative appeal to the highest level because his appeal is still being processed, it is clear on the face of the complaint that administrative remedies were available and were not exhausted prior to the filing of the complaint. Accordingly, the complaint should be dismissed without prejudice. Plaintiff can bring his claims in a new action once he has exhausted his administrative remedies.

V.   No Leave to Amend

In dismissing a complaint, leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06. Because amendment would not cure plaintiff's failure to exhaust administrative remedies prior to initiating this lawsuit, leave to amend would be futile. The first amended complaint should therefore be dismissed without leave to amend.

////

4

1    VI.     Motion for Appointment of Counsel

2          Plaintiff has also requested the appointment of counsel. ECF No. 9. The United States
3    Supreme Court has ruled that district courts lack authority to require counsel to represent indigent
4    prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In
5    certain exceptional circumstances, the district court may request the voluntary assistance of
6    counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.
7    1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

8          "When determining whether 'exceptional circumstances' exist, a court must consider 'the
9    likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims
10   *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965,
11   970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden
12   of demonstrating exceptional circumstances is on the plaintiff. Id.

13         In light of the recommendation that the case be dismissed without prejudice, the court
14   finds that plaintiff is unable to demonstrate a likelihood of success on the merits and appointment
15   of counsel is therefore not warranted. The motion will be denied.

16   VII.    Plain Language Summary of this Order for a Pro Se Litigant

17         Your request to proceed in forma pauperis is granted and you are not required to pay the
18   entire filing fee immediately. Your motion for appointment of counsel is denied because it is
19   being recommended that your case be dismissed.

20         The case is dismissed without prejudice because you did not exhaust your administrative
21   remedies before you filed the complaint. Once you exhaust your administrative remedies, you
22   can bring your claims in a new complaint.

23         In accordance with the above, IT IS HEREBY ORDERED that:

24         1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

25         2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff
26   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
27   1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
28   Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

    3. Plaintiff's motion for appointment of counsel (ECF No. 9) is denied.

    4. The Clerk of the Court is directed to strike the first amended complaint (ECF No. 8).

    5. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the case be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 30, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE